# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES, | ) | 2:05-cr-00261-BES-GWF |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| ROBERTO CHARLES YSASSI, | ) | |
| Defendant. | ) | |

Currently before this Court is a Motion for Judicial Guidance Concerning Defendant's Request for Counsel's Withdrawal as Advisory Counsel (#65), which was filed by the Federal Public Defender on May 25, 2006. On May 31, 2006, the Court held a Calendar Call in this matter and allowed the parties to comment on the issues raised in the Public Defender's Motion (#65).

At the Calendar Call, Defendant, who has opted to represent himself in this case, expressed his desire to have the Federal Public Defender's Office withdraw as his advisory counsel. In accordance with Faretta v. California, 422 U.S. 806 (1975), the Court canvassed Defendant and found, for the second time, that he knowingly and intelligently waived his right to counsel. The Court now considers whether to grant Defendant's request that the Federal Public Defender's Office withdraw from this case.

The Court recognizes that imposing representation upon Defendant against his will

1

would deprive Defendant of his constitutional right of self-representation. <u>Faretta</u>, 422 U.S. at 836. However, the Court "may—even over the objection of the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." <u>Farreta</u>, 422 U.S. at 834 n.46. Accordingly, the Court requires the Federal Public Defender's Office to continue to act as Defendant's standby, advisory counsel.

The Court also notes that there were some concerns raised at Calendar Call regarding Defendant's perception that his current advisory counsel, William Carrico, has a conflict of interest in this case. To quell these concerns, the Court requires the Federal Public Defender's Office to appoint another attorney to act as standby counsel to aid Defendant if and when Defendant requests help, and to be available to represent Defendant in the event that termination of Defendant's self-representation is necessary.

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Motion for Judicial Guidance (#65) is granted in part and denied in part.

IT IS FURTHER ORDERED the Federal Public Defender's Office will reassign this case to another attorney to act as standby counsel.

DATED: This 2nd day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE